IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LISA RYAN MURPHY                                                                                     PETITIONER
ADC #760343

v.                                              4:20-cv-01467-JM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                  RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.  Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.      BACKGROUND**

Petitioner Lisa Ryan Murphy, an inmate at the McPherson Unit of the Arkansas Division of Correction, brings this *pro se* "Emergency Motion for Immediate Reduction of Sentence 'Compassionate Release.'"  (Doc. No. 2.)  Ms. Murphy is currently serving a sixty-month

sentence after pleading guilty to second-degree forgery in the Circuit Court of Grant County, Arkansas. (Doc. No. 14-3.) She asserts she is at high risk of contracting COVID-19 because of her numerous underlying medical conditions and the McPherson Unit's failure to follow safety measures. (Doc. No. 2 at 2-4, 8-9.)

After careful consideration of Ms. Murphy's Petition and the Response (Doc. No. 14) and Reply (Doc. No. 15), I recommend relief be denied. The Petition should be dismissed with prejudice.

## II.     ANALYSIS

Ms. Murphy's request for release from incarceration is based on 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court to reduce a term of imprisonment for "extraordinary and compelling reasons" upon motion of the Director of the Bureau of Prisons or of the defendant after pursuing administrative remedies. However, this statute affords relief only to prisoners serving federal sentences. *See, e.g.*, *Smith v. Jackson*, 830 Fed. App'x 102, at 103 (4th Cir. 2020) (per curiam). Because Ms. Murphy was sentenced in state court, not federal court, she is not eligible for compassionate release under § 3582.

Ms. Murphy's Petition fares no better when construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. A writ of habeas corpus may be granted to a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution,

laws, or treaties of the United States."). Ms. Murphy does not allege her conviction or her incarceration violates the Constitution, laws, or treaties of the United States. Accordingly, she is not entitled to relief under § 2254.

I sympathize with Ms. Murphy's concerns regarding her health. However, this Court lacks the authority to order her release from state custody, under either 18 U.S.C. § 3582 or 28 U.S.C. § 2254, over concerns that she might contract COVID-19.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Ms. Murphy has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Ms. Murphy's "Emergency Motion for Immediate Reduction of Sentence 'Compassionate Release'" (Doc. No. 2) be DISMISSED with prejudice.

2. A certificate of appealability not be issued.

DATED this 8th day of February 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE